UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CARLOS QUIROGA-ROSERO,

Petitioner,

vs.   Case No: 8:04-CV-1342-T-27MAP
Crim Case No: 8:02-CR-461-T-27MAP

UNITED STATES OF AMERICA,

Respondent.
_____/

ORDER

**BEFORE THE COURT** is Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1), Memorandum of Law In Support (CV Dkt. 2), the Government's Response in Opposition (CV Dkt. 7) and Petitioner's Reply (CV Dkt. 9). Upon consideration, the Petition is DENIED.

**Procedural Background**

On February 25, 2003, Petitioner, pursuant to a written plea agreement, pleaded guilty to Count Two of the Indictment, which charged him with knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States. (CR Dkts. 37, 61). Prior to sentencing, the Government filed a Motion for Reduction of Defendant's Sentence pursuant to USSG § 5K1.1 based on substantial assistance, recommending a two level departure. (CR Dkt. 74). At sentencing on June 9, 2003, the Government's Motion for Reduction of Defendant's Sentence pursuant to § 5K1.1 was granted. (*See* CR Dkt. 85). Although the

Government recommended a two level departure, the Court departed three levels, resulting in a sentencing guideline range of 97 to 121 months.[1] Petitioner was sentenced to 97 months imprisonment, to be followed by three years of supervised release. (CR Dkts. 85, 87). Petitioner did not appeal his sentence. His § 2255 petition is timely.

In his § 2255 petition, Petitioner raises three grounds:

**Ground One**: Whether Petitioner received adequate assistance of counsel as provided for by the Sixth Amendment when the Government arbitrarily and in bad faith withheld promised benefits for his substantial assistance.

**Ground Two**: The Court erred when it granted a reduction in a manner contrary to the meaning plainly understood by the Petitioner.

**Ground Three**: Petitioner request an evidentiary hearing on the Government's "Motion for reduction in Sentence and request for transcripts."

### *Waiver of Direct Appeal and Collateral Attack*

The right to appeal can be knowingly and voluntarily waived. Appeal waivers are generally enforceable. *United States v. Buscomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States. Bushert*, 997 F.2d 1343, 1350-52 (11th Cir. 1993) *cert. denied*, 513 U.S. 1051 (1994); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997); *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). An appeal waiver is enforceable when the judge specifically questions a defendant concerning the sentence appeal waiver during the Rule 11 colloquy or where it is manifestly clear from the record that the defendant understood the significance of the waiver. *United States v. Bushert*, 997 F.2d at 1351.

In his plea agreement, Petitioner expressly waived "the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a

---

[1] Based on a Offense Level of 30 and a Criminal History Category I.

sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . . ." (CR Dkt. 37, p. 12, ¶ B(5)). During the plea colloquy, the Magistrate Judge specifically reviewed with Petitioner the sentence appeal provision of his plea agreement and Petitioner confirmed his understanding of the consequences of the sentence appeal waiver. (CR Dkt. 105, pp. 23-24).

Where, as here, Petitioner was questioned about his sentence appeal waiver during the plea colloquy, that waiver is considered to have been made knowingly and voluntarily and is therefore enforceable. *United States v. Weaver, supra.* Accordingly, as the Court did not depart upward from the sentencing guidelines, impose a sentence above the statutory maximum or impose a sentence in violation of the law apart from the sentencing guidelines, Petitioner's right to collaterally attack his sentence has been waived pursuant to the express terms of his written plea agreement.

Petitioner's claim of ineffective assistance of counsel has likewise been waived by virtue of his plea agreement. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Even if Petitioner's appeal waiver in his plea agreement does not foreclose his challenge to counsel's effectiveness,[2] his claim that counsel was ineffective is without merit for the reasons to be discussed.

### *Involuntary Guilty Plea*

To the extent Petitioner raises an issue as to the voluntariness of his guilty plea, that claim is refuted by the record. Essentially, Petitioner complains that the two level departure recommended by the Government in its Motion for Reduction of Sentence is less than the six level departure he was promised. Petitioner contends that "the Government's offer of six (6) levels reduction was the 'quid

---

[2] *See Lattimore v. United States*, 2006 WL 1674144 (11th Cir. June 19, 2006); *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012-1014 (9th Cir. 1993).

pro quo' that induced him to enter this agreement." (CV Dkt. 2, pp. 8-9). He requests an evidentiary hearing "where Petitioner could submit evidence in support of the agreement which was not made known to this Honorable Court in the Government's motion for reduction of sentence." (CV Dkt. 2, p. 9).

Petitioner's contentions are without merit. Presumably, the "agreement" Petitioner refers to is his agreement to cooperate and provide substantial assistance to the Government which could result in a §5K1.1 motion. That was the only agreement referenced by Petitioner during his plea colloquy. Indeed, the Government's agreement to consider whether to even file a § 5K1.1 motion was expressly conditioned on the Government's evaluation of the extent of Petitioner's cooperation. Moreover, Petitioner agreed that he would not appeal or otherwise challenge the government's decision in that regard. (CR Dkt. 37, pp. 4-5).

In his plea agreement, Petitioner confirmed that he was pleading guilty "freely and voluntarily without reliance upon any discussions . . . and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind." (CR Dkt. 37, p. 13, ¶ B(8)). The Government made no promise in the plea agreement to even file a §5K1.1 motion, let alone a promise that it would recommend a particular number of levels of departure. The plea agreement expressly addresses the circumstances under which the Government would file a §5K1.1 and that the determination of whether such a motion would be filed was the exclusive decision of the United States Attorney's office. (CR Dkt. 37, pp. 4-5, ¶ A(9)). The plea agreement provides: "In any case, the defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise." (CR Dkt. 37, pp. 4-5, ¶ A(9)).

The determination of whether a motion for reduction of sentence will be filed is reserved to the Government and the court is precluded from intruding into that prosecutorial discretion, absent a refusal to file a motion because of impermissible motivation such as race or religion. *Wade v. United States*, 504 U.S. 181 (1992); *United States v. Orozco*, 160 F.3d 1309 (11th Cir. 1998), *cert. denied*, 528 U.S. 1082 (2000). A claim that a defendant provided substantial assistance does not entitle that defendant to a remedy or even to discovery or an evidentiary hearing. *Wade v. United States*, 504 U.S. at 186.

During the plea colloquy, the Magistrate Judge reviewed with Petitioner the provisions of the plea agreement regarding cooperation and substantial assistance and that the decision to file a motion for reduction of sentence was exclusively the Government's. (CR Dkt. 105, pp. 15-16). Immediately following that discussion, Petitioner confirmed that there were no "other promises made to you to get you to plead guilty." (*Id.* at p. 17). The transcript of Petitioner's change of plea hearing confirms, therefore, that there were no agreements other than what was contained in Petitioner's plea agreement on which he was relying. In addition to Petitioner's sworn statements, defense counsel and government counsel likewise confirmed that there were no promises or assurances other than what were placed on the record. (*Id.* at pp. 18-19).

The representations made at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's statements made in open court are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). This presumption is not overcome by a defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir.

1988). A defendant will not be heard to later contend that his sworn statements made during a Rule 11 colloquy are false. *United States v. Stitzer*, 785 F.2d 1506, 1514, n. 4 (11th Cir. 1986). Accordingly, given Petitioner's sworn statements during the plea colloquy, counsel's confirmation to the Magistrate Judge that there were no other promises or assurances other than what was in the plea agreement, and the express provisions of that plea agreement, Petitioner's allegations that there was a promise or agreement for a six level departure which was the "quid pro quo" that induced him to agree to cooperate is refuted by the record. Certainly, that allegation cannot undermine the integrity of the Rule 11 colloquy conducted by the Magistrate Judge such that Petitioner's guilty plea can be said to have been involuntary and unknowing. To the extent, therefore, Petitioner challenges the knowing and voluntary nature of his guilty plea in Grounds Two and Three of the Petition, that claim is without merit.

### *Ineffective Assistance*

Petitioner's claim that his attorney was ineffective in failing to "ask for a specific performance of the Petitioner's agreement, so that the agreed reduction agreement could be evaluated into the Court's consideration" is facially without merit. The Government fulfilled any obligation it may have had under the terms of the plea agreement by evaluating Petitioner's assistance and filing its motion for reduction of sentence based on Petitioner's substantial assistance. (CR Dkt. 74). There was nothing more for defense counsel to ask for.

In its motion, the Government recommended a two level departure. Defense counsel did not, as suggested by petitioner, silently accept the Government's recommendation. During the side bar discussion of the Government's § 5K1.1 motion, defense counsel, with Petitioner present, explained that Petitioner had been the first to cooperate and that as a result of his cooperation, his family had been exposed to danger and Petitioner had been threatened. Defense counsel urged a four level departure.

(CR Dkt. 117, pp. 10-11). Nothing was offered by Petitioner at that time about any promise purportedly made by the Government for a six level recommendation. Ultimately, defense counsel's argument influenced the Court, as it granted a three level departure. There was nothing ineffective about counsel's performance.

Neither has counsel been shown to have been ineffective in failing to pursue in an adversarial context the extent of Petitioner's substantial assistance. Petitioner complains that counsel "refused to participate in any further proceedings of the assistance" and that as a result, "Petitioner was unable to subject the Government's certification of substantial assistance to 'the crucible of meaningful adversarial testing.'" (CV Dkt. 2, pp. 6-7). Petitioner's contention demonstrates an apparent misunderstanding of the manner in which § 5K1.1 substantial assistance motions are presented and considered.

As discussed, it was the exclusive determination of the United States Attorney as to whether a motion for reduction of sentence pursuant to § 5K1.1 was filed. While the Government typically recommends a particular departure, ultimately it is for the sentencing judge to determine the extent of a § 5K1.1 departure. In other words, the parties cannot bind the court in the exercise of its sentencing discretion in the § 5K1.1 context, although the court is to give "substantial weight" to the government's evaluation of the extent of a defendant's assistance. *See* Application Note 3, U.S.S.G. § 5K1.1. While there could be circumstances in which the parties negotiate and agree on a recommended departure, that was not done in Petitioner's case.

Petitioner has not shown that counsel's performance fell below an objective standard of reasonable professional assistance or that Petitioner was prejudiced by a deficient performance.

*Strickland v. Washington*, 466 U.S. 668 (1984). Indeed, a lawyer is presumed to be competent and the burden is on Petitioner to demonstrate that he was denied the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648 (1984). As noted, in any event, defense counsel's performance cannot be said to have prejudiced Petitioner, as her rationale for urging additional levels was the basis for the Court granting three levels rather than the two levels recommended by the Government.

Petitioner's request for an evidentiary hearing is denied. There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) is DENIED. All pending motions are DENIED as moot. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in Tampa, this 15th day of August, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record